IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGARET A. CASSIDY-BACA,
ALFRED A. BACA, and ANDRE M.
BACA, in their individual capacities,

       Plaintiffs,

v.                                                                Civ. No. 04-0897 RLP/RHS

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SANDOVAL, *et al.*,

       Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on Defendants' Motion to Dismiss for Failure to Exhaust Administrative and State Court Remedies and to Dismiss Individual Defendants Under the Doctrine of Qualified Immunity ("Defendants' Motion") [Doc. 4]. Although not stated as such, Defendants' Motion is filed pursuant to Fed.R.Civ.P. 12(b)(1), lack of subject matter jurisdiction. Because the court finds this issue dispositive, it does not address the qualified immunity arguments.

Plaintiffs own approximately 1,200 acres of land in Sandoval County. The property is intersected by Interstate 25, with 1,100 acres on the east side of the highway and 100 acres on the west. Plaintiffs have operated sand and gravel mining operations on the 1,100 acres, but have not developed the 100 acres. The 100 acres are in the Algodones Community District Zone where mining has not been permitted since 1988, when ordinances were enacted by Sandoval County.

In 1998 the Plaintiffs sought permits for sand and gravel excavation on the 100 acres, which request was denied by the Sandoval County Board of County Commissioners (the "Board").  The denial was appealed to the Thirteenth Judicial District Court.  Before that court issued its April 24, 2003 opinion affirming the findings of the Board, Plaintiffs filed a lawsuit in this court, Cause No. 02-Civ.-1341 LH/DJS.  The court dismissed the lawsuit without prejudice on March 6, 2003 because the claims were not ripe:  Plaintiffs had failed to avail themselves of all the necessary state procedures before brining a federal claim.

The state court's April 24, 2003 Order found, by substantial evidence,

1.      That excavation activities were not actively being pursued when the zoning law [1988] became effective for the community district of Algodones.

2.      That the area that was desired to be excavated was not clearly intended to be excavated, as measured by objective manifestations and not by subjective intent.

3.      That the sand and gravel excavation activities would have a detrimental and adverse effect on the Algodones community.

4.      The portion of the subject tract of land lying west of Interstate Highway No. 25 is not a grand-fathered non-conforming use.

Exhibit 3 to Complaint.

Plaintiffs appealed the court's decision to the New Mexico Court of Appeals, which affirmed the lower court's decision.  They then appealed to the New Mexico Supreme Court, which also affirmed the lower court's decision.  When that opinion was issued, Plaintiffs filed a Motion for Reconsideration with the state supreme court and also filed

2

their second federal lawsuit (this case) on August 9, 2004.

Defendants have moved to dismiss for lack of subject matter jurisdiction, stating that the claims are still not ripe for federal court jurisdiction. Defendants state that the filing of a motion to reconsider deprives the court of jurisdiction, as well as Plaintiffs failure to file an action for inverse condemnation. By the time briefing on the issues was completed, the New Mexico Supreme Court had denied the motion to reconsider. Whether or not a pending motion to reconsider would deprive the court of jurisdiction need not be addressed; Plaintiffs failure to seek redress by way of inverse condemnation is dispositive.

Fifth Amendment "takings" require two acts of the governmental entity: a taking and a denial of just compensation. *Miller v. Campbell County*, 945 F.2d 348 (10th Cir. 1991), *cert. denied*, 502 U.S. 1096 (1992). Claims are not ripe until both elements have been shown. *Id.* Claims that are not ripe deprive the federal court of subject matter jurisdiction. *E.g., SK Finance SA v. La Plata County*, 126 F.3d 1272 (10thCir. 1997). In this circuit, takings claims which are deemed unripe require dismissal of all other constitutional claims based on the same facts as the takings claim. *Bateman v. City of West Bountiful*, 89 F.3d 704 (10th Cir. 1996).

Plaintiffs brought their lawsuit pursuant to 42 U.S.C. § 1983, claiming Defendants had violated the takings clause of the Fifth Amendment, denied them of due process, and violated their rights of equal protection. In addition, Plaintiffs allege that Defendants are estopped from denying them their excavation permits.

Plaintiffs have not completed the necessary procedures for determining a Fifth Amendment "taking" because they have failed to file an action for inverse condemnation

with the state court.  Actions for inverse condemnation are allowed in zoning matters.  *See Estate and Heirs of Sanchez v. County of Bernalillo*, 902 P.2d 550 (N.M. 1995) (owner sought inverse condemnation after county denied special use permit for development).

Because Plaintiffs have not shown their property has been "taken without just compensation," this court has no jurisdiction to entertain the constitutional claims and declines to exercise supplemental jurisdiction over the state law estoppel claim.  *See* 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Defendants' Motion to Dismiss [Doc. 4] is granted and this case is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Extension of Time [Doc. 7] is granted.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

4