IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARET A. CASSIDY-BACA, *et al.*,

    Plaintiffs,

v.                                                                                                         Civ. No. 04-0897 RLP/RHS

THE BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SANDOVAL, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

On November 3, 2004 the court entered its Memorandum Opinion and Order [Doc. 17] dismissing this case pursuant to Fed.R.Civ.P. 12(b)(1). The court found that Plaintiffs' failure to purse an inverse condemnation action deprived the court of subject matter jurisdiction for Plaintiffs' Fifth Amendment takings claim. Plaintiffs seek reconsideration, arguing that the court misapprehended the nature of their cause of action.

Plaintiffs own approximately 1,200 acres of land in Sandoval County. The property is intersected by Interstate 25, with 1,100 acres east of the highway and 100 acres on the west side. The 1,100 acres are currently being mined for sand and gravel; the 100 acres are undeveloped and situated in the Algodones Community District, where mining has been prohibited since 1988. Plaintiffs argue that the property is one tract and either not subject to different zoning laws or that the mining permits for the 1,100 acres should be extended to the 100 acres (a grandfathered, non-conforming use). When Defendants ruled against Plaintiffs, that administrative decision was appealed to the state district court, which denied Plaintiffs relief. The state court decision was affirmed by both the New Mexico Court of Appeals and the New Mexico Supreme Court. Plaintiffs argue that their

42 U.S.C. § 1983 action is against Defendants for their arbitrary, capricious, and vindictive rulings made under color of state law and depriving them of due process by ruling against them on the land use of the 100 acres.

If, as Plaintiffs argue, this is not a takings case, then the court finds that the action should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. This doctrine

> bars a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state court judgment itself violates the loser's federal rights.

*Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998).

When a cause of action is "inextricably intertwined" with a prior state court judgment, *Rooker-Feldman* bars the case, and when a plaintiff seeks a remedy that would "disrupt or undo" a state court judgment, the federal claim is inextricably intertwined with the state court judgment. *Kenman Eng'g v. City of Union*, 314 F.3d 468, 478 (10th Cir. 2002). Here, Plaintiffs seek to undo the state courts' decisions as applied to their property. This is exactly the type of situation that *Rooker-Feldman* forbids.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration [Doc. 18] is denied and this case is dismissed.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)